ON APPLICATION FOR REHEARING
This court's original opinion, dated January 9, 1991, is withdrawn, and the following is substituted therefor.
Emma Jean Smith filed a complaint pursuant to §§ 25-5-1 et seq., Code of Alabama (1975), in December 1987, against Colonial Bank (employer), alleging that she sustained an injury in the line and scope of her employment as a teller in or about May 1987, that rendered her physically incapable of employment. After an ore tenus proceeding, the trial court issued an order wherein it made an extensive finding of facts it considered to determine that Smith had not "sustained an accident within the meaning of the act" and, therefore, was not entitled to workmen's compensation benefits from the employer. After her posttrial motions were denied, Smith appealed.
At the outset we note that our standard of review in a workmen's compensation case is limited to a determination of whether there is any legal evidence to support the trial court's findings; and, if legal evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991). We do not weigh the evidence on appeal. Cook v. Munn, 528 So.2d 881
(Ala.Civ.App. 1988). Further, the factual holdings of the trial court, which are based on conflicting testimony, are conclusive. Washington v. Warrior Tractor EquipmentCo., 487 So.2d 1371 (Ala.Civ.App. 1986).
The record reveals the following pertinent facts: Smith began working for the employer in September 1986. She performed routine teller duties, and she was assigned the task of opening the night depository, which required her to squat or *Page 1366 
kneel down. Sometime after being assigned that duty, she began experiencing pain and swelling in her right knee, which she says caused her to start walking with a limp.
Smith sought medical attention for the problem for the first time in July 1987, and she ultimately underwent an arthroscopy which indicated synovitis, a degeneration of the patella and the lateral tibia. There was also medical testimony that Smith had a condition known as phlebitis, a degenerative condition. Two physicians indicated in reports that Smith had suffered no injury nor any direct trauma to the knee. Dr. Stanley Jackson, who performed the arthroscopy, reported that Smith's change in gait pattern might be responsible for the development of the condition. He reported that there probably exists an "indirect relationship" in that the pain in her knee may have caused the abnormal gait pattern. After taking Smith's history, Dr. James Isobe noted that "the cause and effect of the discomfort may be questioned." There is legal evidence in the record to support the trial court's finding that Smith "did not suffer an injury as a result of an accident," and a reasonable view of that evidence supports the trial court's judgment, and we affirm on this issue. A gradual deterioration cannot constitute an accident under our workmen's compensation act. BuchananLumber Co. v. Edwards, 531 So.2d 1 (Ala.Civ.App. 1988).
Smith also contends that the trial court erred in holding that she did not suffer from an occupational disease. This court did not address this issue in its first opinion, based onBevill v. Owen, 364 So.2d 1201 (Ala. 1979). However, on rehearing, we find that § 25-5-11 (occupational disease) was pleaded in the complaint, which stated that the lawsuit was brought pursuant to §§ 25-5-1 et seq., Code of Alabama (1975); that evidence was before the trial court upon which the trial court could have found that Smith had suffered an occupational disease; and that the trial court was given an opportunity to rule on the occupational disease issue by way of Smith's posttrial motions.
However, the trial court did not consider whether Smith suffered an occupational disease in its findings of fact and judgment, and it denied Smith's posttrial motions. Consequently, we must reverse the trial court as to this issue and remand for the trial court to make a finding and adjudication as to whether Smith suffered a compensable occupational disease. This the trial court may do with or without additional proceedings.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.