This is the second time that this workmen's compensation case has been before this court. Erma Jean Smith (employee) appealed from the trial court's September 11, 1989, order. This court, after affirming the trial court's finding that the employee did not suffer an injury as a result of an accident, remanded the case for a determination of whether the employee suffered an occupational disease. See Smith v. Colonial Bank,578 So.2d 1364 (Ala.Civ.App. 1991).* On May 24, 1991, the trial court entered an order finding that "there is no evidence or law to support that the Plaintiff suffered an occupational disease within the meaning of the Act." The employee appeals, and we affirm.
The dispositive issue is whether the activity of which the employee complains could have caused her to suffer an occupational disease within the meaning of the Workmen's Compensation Act
The standard of review in a workmen's compensation case is (1) whether there is any legal evidence to support the trial court's findings and (2) whether any reasonable view of the evidence supports the trial court's judgment. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
A detailed recitation of the facts in this case may be found in Smith, 578 So.2d 1364. Here, we note that the employee's problems with her right knee began sometime after she started squatting or kneeling down to open the night depository at Colonial Bank (employer). She contends that her condition was caused by this job duty and that, therefore, she is due to be compensated for an occupational disease.
Section 25-5-110, Ala. Code 1975, defines occupational disease as follows:
 "(1) Occupational Disease. A disease arising out of and in the course of employment . . . which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease (including, but not limited to, loss of hearing due to noise) shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of exposure over a period of time to the normal working conditions of such trade, process, occupation or employment."
Therefore, in order for a disease to be occupational, it must derive from hazards which are (1) in excess of those ordinarily incident to employment in general, and (2) different in character from those found in the general run of occupations.Elmore County v. Hornsby, 533 So.2d 620 *Page 1267 
(Ala.Civ.App. 1988); Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App. 1976). Stated differently, the disease must be contracted from or aggravated by exposure to a hazard which is recognized as peculiar to the normal working conditions of the employee's particular occupation. Young.
There is no evidence presented that the employee's condition resulted from a hazard that is peculiar to the banking profession or that the risk is greater than any other job which requires some squatting or kneeling. Therefore, the trial court could have found, and apparently did find, that the condition of the employee's knee was not caused by hazards in excess of those ordinarily incident to employment in general and different in character from those found in the general run of occupations. We agree and find that this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.
* Reporter of Decisions' note: The earlier opinion at578 So.2d 1364 was published under the name Emma Jean Smith v. Colonial Bank.