Donald E. Pearson filed a workers' compensation action against Reflector Hardware Corporation, d/b/a Garcy Corporation, after he sustained injuries during the course of his employment with Garcy. Prior to the trial on the merits of the case, the parties stipulated to all pertinent matters, and the only issue to be determined by the trial court was the degree of disability that Pearson had sustained. After a ore tenus proceeding, the trial court found that Pearson had sustained a 91% loss of ability to earn.
Pearson appeals, contending that the trial court's finding that he sustained only a 91% disability was not supported by substantial evidence.
On August 26, 1994, Pearson was injured while employed by Garcy as a case finisher. At the time of the accident, Pearson had been working for Garcy in that capacity for approximately one and one-half years. Pearson was holding a three-angle frame against a polishing wheel when the wheel grabbed the frame, jerking Pearson into the wheel at the same time. As a result, Pearson suffered injuries to his head, his neck, and his shoulders. These injuries included a left rotator cuff tear, an impingement of the right shoulder and the left shoulder, and damage of the ulnar nerve of the left arm. Because of these injuries, Pearson had five surgical procedures. He testified that he continues to have tremendous pain, even after receiving treatment, and that he has not had any marked improvement in the range of motion in his shoulders.
Pearson's orthopedist, Dr. Sparks, testified that Pearson's range of motion is restricted as a result of his injuries and that the most significant restriction is motion above his head. Dr. Sparks further testified that Pearson's lifting ability is restricted to frequent lifting of no more than five pounds or occasional lifting of no more than ten pounds. Sparks testified that Pearson had reached maximum medical improvement and had a permanent impairment rating of 19% to the right arm and 18% to the left arm. Sparks further testified that Pearson could perform light-duty work for an eight-hour shift, with occasional breaks, if the work did not require overhead lifting, pushing or pulling, or repetitive motion. However, Sparks did testify that a sedentary work classification for Pearson would be "reasonable."
Two vocational rehabilitation counselors evaluated Pearson in order to determine his vocational disability rating. Dr. Jack Bentley testified that after his evaluation of Pearson, he had assigned Pearson a 100% disability rating. Bentley determined that Pearson *Page 445 
should be placed in the sedentary work classification. Bentley considered Pearson's physical, educational, and intellectual limitations in making that determination. However, Eddie Rice, a licensed professional counselor and certified rehabilitation counselor, testified that even in the sedentary work classification, Pearson had suffered only a 91% loss of access to employment. Rice further testified that jobs which Pearson was physically able to perform were available to Pearson and were located in a relatively close proximity to his home. Rice testified that he had carefully considered all of the restrictions placed on Pearson and that, in his opinion, Pearson could secure employment within those restrictions. He further testified regarding specific jobs that he had explored on Pearson's behalf and their availability at the time of trial.
Pearson's injuries occurred on August 26, 1994; therefore this court must review the trial court's findings under the "new act," § 25-5-81(e)(1)(2), Ala. Code (1975). While review shall be without a presumption of correctness, (e)(1), pure findings of fact shall not be reversed if supported by substantial evidence, (e)(2). Substantial evidence has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870,871 (Ala. 1989). Our supreme court has further held that within the scope of the "new act," the judgment of the trial court will not be reversed if supported by evidence that meets the test of substantial evidence, Ex parte Trinity Industries.,680 So.2d 262 (Ala. 1996). A review of the record reveals that in the instant case, the trial court's findings were supported by evidence that meets the substantial evidence criteria. The trial court held an ore tenus proceeding, placing itself in the unique position not only to hear the presented testimony but to see the witnesses, to make its own observations, and to resolve any disputed issues that were presented. It is not within the province of this court to resolve any conflicts that might appear, Jones v. LeFlore 421 So.2d 1287 (Ala.Civ.App. 1982), but rather to determine if the findings of the trial court are supported by substantial evidence, Ex parte Trinity Industries, supra.
The findings of the trial court are amply supported; therefore the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs specially.