MONROE, Judge.
The employer, Bruno’s, Inc., d/b/a Food Fair, appeals from a judgment awarding workers’ compensation benefits to Sandra Lee Lawson.
Lawson has been employed by Bruno’s as a bookkeeper at one of its supermarkets since 1979. Her job responsibilities include keeping the books, collecting and depositing checks, supervising the cashiers, handling payments for beer and wine for the store, and filling in for cashiers. In 1994, Bruno’s removed the stools from Lawson’s work area, requiring her to stand eight or nine hours a day without a lunch break and often without a break at all. Lawson began experiencing back pain, which she believed was caused by standing continuously for eight or nine hours a day.
Lawson sought treatment for her back pain from a chiropractor, who had been treating Lawson intermittently since she injured her back in 1988 or 1989. Lawson was also treated by Dr. Erich Wouters, an orthopedic surgeon. After conducting tests and X-rays, which did not reveal any injuries, Dr. Wouters determined that she was suffering from chronic muscle strain in her back. Dr. Wouters could not say that the pain was caused by standing. Lawson was also seen *1297 by Dr. Gordon J. Kirschberg, who determined that she suffered from a 17% impairment to the body as a whole. Dr. Kirsch-berg stated that he had not determined the cause of her back pain, although standing could have contributed to it.
Based on this evidence and on Lawson’s testimony, the trial court determined that Lawson’s back injury was an occupational disease and that she had suffered a 17% permanent impairment to the body as a whole. She was awarded temporary total benefits for the nine weeks she missed from work because of her back pain. She was also awarded permanent partial benefits for the 17% impairment to her body as a whole. In addition, Bruno’s was ordered to pay all past and future reasonable medical expenses incurred by Lawson for treatment of her back pain. Bruno’s appeals.
Our review of legal issues decided by the trial court is without a presumption of correctness. § 25-5-81(e)(l), Ala.Code 1975. Regarding factual findings of the trial court, we will not reverse the trial court’s finding as to a question of fact in a workers’ compensation case when that finding is supported by substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala. 1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); § 25-5-81(e)(2), Ala.Code 1975.
Bruno’s raises several issues on appeal; we find one to be dispositive.
The trial court ruled that Lawson’s back pain was an occupational disease. “Occupational disease” is defined as:
“A disease arising out of and in the course of employment, including occupational pneumoconiosis and occupational exposure to radiation as defined in subdivisions (2) and (3), respectively, of this section, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease, including, but not limited to, loss of hearing due to noise, shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment.”
§ 25-5-110(1), Ala.Code 1975.
For a disease to be “occupational,” it must be due to hazards that are “(1) in excess of those ordinarily incident to employment in general and (2) different in character from those found in the general run of occupations.” Elmore County v. Hornsby, 538 So.2d 620, 622 (Ala.Civ.App.1988). This court has previously held that prolonged sitting in a patrol car as is required of a deputy sheriff does not fall under the definition of a hazard causing occupational disease. Id. This court has also held that thrombophlebi-tis was not an occupational disease, because it was not shown that the prolonged standing and sitting required by nurses were hazards in excess of those ordinarily incident to employment in general and peculiar to the nursing profession. Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976). In addition, we have held that the squatting or kneeling required of a bank employee is not a hazard peculiar to the normal working conditions of the banking profession. Smith v. Colonial Bank, 607 So.2d 1265 (Ala.Civ.App.1992).[1]
There is no evidence that Lawson’s condition resulted from a hazard that is peculiar to her profession or that the risk of having back pain is greater in her profession than in any other job that requires standing. We cannot say that standing is a hazard in excess of those hazards ordinarily incident to employment in general and that it is peculiar to Lawson’s occupation. Thus, Lawson’s back pain is not an “occupational disease” as that term is defined in § 25-5-110.
*1298 Our holding should not be interpreted to mean that we do not sympathize with Ms. Lawson or to mean that we question her veracity in any way. Likewise, today’s holding does not mean that we condone Bruno’s action in removing her stool, thereby forcing her to stand all day. We note that Bruno’s has at least provided Ms. Lawson with another stool. However, no amount of sympathy on our part could allow us to manipulate the occupational disease statutes so as to permit her to recover under them.
Therefore, we conclude that the trial court erred in finding that Lawson had suffered an occupational disease, compensable by the workers’ compensation laws of Alabama. The judgment is reversed and the cause remanded for the trial court to enter a judgment in favor of Bruno’s.
REVERSED AND REMANDED.
YATES and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.
ROBERTSON, P.J., dissents.

. Contrary to Judge Robertson’s contention, this sentence does not state, and is not intended to suggest, that squatting or kneeling could not cause an occupational disease.