ROBERTSON, Presiding Judge,
dissenting.
Because I would affirm the trial court’s judgment, I respectfully dissent. In my opinion, the cases relied on by the majority do not support a reversal, but instead support an affirmance.
In Elmore County v. Hornsby, 533 So.2d 620 (Ala.Civ.App.1988), the employee suffered from “advanced arteriosclerotic peripheral vascular disease, more commonly known as hardening of the arteries.” It was undisputed that this condition was not caused by his job as a deputy sheriff, and this court could not find any evidence in the record to conclude that merely sitting while driving an automobile fit under the requirements of an occupational disease. This court did not conclude that “sitting,” under some other set of circumstances, would never fit under the requirements of an occupational disease.
In Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), this court affirmed the judgment of the trial court concluding that there was legal evidence[2] in the record to support the trial court’s finding that petitioner’s thrombophlebitis was not an occupational disease caused by petitioner’s walking, standing, and sitting. This court further stated that “[wjhere testimony in workmen’s compensation proceedings is conflicting, and there is testimony supporting the trial court’s finding, such finding is conclusive.” Id. at 923.
This court, on application for rehearing, held in Smith v. Colonial Bank, 578 So.2d 1364, 1366 (AIa.Civ.App.1991) (“Smith I”), “that evidence[3] was before the trial court upon which the trial court could have found that Smith had suffered an occupational disease,” and we reversed the trial court’s judgment in part and remanded the case for the trial court to make a finding and adjudication as to that issue. On remand, the trial court again denied Smith benefits. On the second appeal in Smith v. Colonial Bank, 607 So.2d 1265 (Ala.Civ.App.1992) (“Smith II”), this court affirmed the trial court’s judgment concluding that “the trial court could have found, and apparently did find, that the condition of the employee’s knee was not caused by hazards [4] in excess of those ordinarily incident to employment in general and different in character from those found in the general run of occupations.” Smith, 607 So.2d at 1267. This court, in fact, recognized in Smith I that squatting and kneeling could cause an occupational disease, but the trial court had not addressed that issue, which had been pled in the complaint and had again been presented to the trial court in a post-judgment motion. After the trial court addressed this issue on remand, we affirmed its judgment. This court did not hold in Smith II, as asserted by the majority, that squatting and kneeling could not cause an occupational disease.
*1299 The trial court entered a well-reasoned judgment in this case, finding that the “continuous standing on her feet on the concrete floor” aggravated a pre-existing back condition such that Lawson suffered a 17% physical impairment to her body as a whole. The trial court further stated that having “heard the testimony of the employee and observed her demeanor ... the Court is impressed with the credibility and demeanor of the employee and her determination to continue to be a productive worker.” The trial court also had evidence before it to support its finding “that the employee has suffered a 17% impairment to the whole person.”
While there was some conflicting testimony in this ease, there was clear and convincing evidence, some of it undisputed, to support the findings of the trial court. Certainly undisputed evidence of being required to stand continuously for eight to nine hours on a concrete floor without a break and without even a stool upon which to occasionally sit or rest is evidence that the job requirements “were in excess of those ordinarily incident to employment in general and difference in character from those found in the general run of occupations.” Elmore County, 533 So.2d at 622.
The trial court’s finding in this case is conclusive, Young, supra, and its judgment should be affirmed.

."[Tjhere was testimony that walking, one activity required by petitioner's job and of which she complains, aids in the treatment of early stages of thrombophlebitis....” Young, 342 So.2d at 923.

. Smith was assigned the task of opening the night depository, which required her to squat or kneel down.

. Smith’s squatting or kneeling down, apparently once a day.