725 So.2d 264 (1998)
Ex parte RUSSELL CORPORATION.
(Re Russell Corporation v. Elizabeth McFadden).
1961114.
Supreme Court of Alabama.
August 28, 1998.
*265 W. Scears Barnes, Jr., of Barnes & Radney, P.C., Alexander City, for petitioner.
David W. Vickers of Vickers, Howell & Talkington, L.L.C., Montgomery, for respondent.
MADDOX, Justice.
This is a workers' compensation case involving an employee who, it appears from the record, suffered from carpal tunnel syndrome and related ailments. The trial court entered a judgment for the plaintiff, and the Court of Civil Appeals affirmed that judgment, without opinion. Russell Corp. v. McFadden, 705 So.2d 888 (Ala.Civ.App.1997) (table). We have granted certiorari review. In order to permit the trial court to review the facts and to apply the law as set out in this opinion, we remand, with instructions.
Because we remand, we make no independent findings of fact, but we briefly set out some of the facts, as reflected in the record, for a better explanation of our decision and why we find it necessary to remand the cause for further proceedings in the trial court. This remand is necessary because we hold that this case is governed by the evidentiary requirement of § 25-5-81(c), Ala.Code 1975, which was added to the Workers' Compensation Statute by Act No. 92-537, Ala. Acts 1992.
Elizabeth McFadden was employed by Russell Corporation as a sewing machine operator. As a result of injuries she claimed to have sustained at work, including carpal tunnel syndrome, McFadden filed a workers' compensation action against Russell. The parties settled that action and the circuit court approved the settlement on August 31, 1993.
McFadden returned to work at Russell, but soon reported additional problems. On December 12, 1993, she filed an injury report with Russell, complaining of pain in her right hand. She was subsequently taken off work and evaluated by several physicians. Ultimately, McFadden filed a new workers' compensation action; that action was set for trial on May 30, 1996, but it was later continued until further discovery was conducted. McFadden amended her complaint to allege that her injury had occurred on October 21, 1994. On June 10, 1996, the circuit court conducted a nonjury trial. On July 25, 1996, the court entered an order finding that McFadden was 100% disabled. The court found that, although the evidence was conflicting, McFadden's complaints of pain were credible and were supported by the evidence. The trial court further found, "after weighing all the medical evidence, evidence which was also conflicting," that McFadden suffered from carpal tunnel syndrome, overwork syndrome or repetitive use syndrome, tenosynovitis, and chronic neuropathies. Finally, the trial court stated that these conditions were "work-related." It entered an amended judgment on August 12, 1996, but did not change McFadden's permanent disability rating. Russell filed a motion to alter, amend, or vacate the trial court's judgment; the *266 court denied that motion, and Russell appealed.
The Court of Civil Appeals, with one Judge dissenting, affirmed, without opinion. In its memorandum of affirmance, the Court of Civil Appeals cited as authority for its affirmance only this Court's case of Ex parte Trinity Industries, Inc., 680 So.2d 262, 268-69 (Ala.1996). Russell petitioned this Court for certiorari review, arguing that Ex parte Trinity Industries does not apply the correct burden of proof to cases that involve injuries resulting from gradual deterioration or cumulative physical stress disorders and that there was insufficient evidence to indicate that McFadden suffered any injury arising out of and in the course of her employment.
For purposes of this case, McFadden alleged that she suffered her wrist injury in 1994; therefore, this case is governed by the Workers' Compensation Act as amended by Act No. 92-537, which became effective May 19, 1992. Generally, in a workers' compensation case, an appellate court will not reverse a trial court's finding of fact "if that finding is supported by substantial evidence." § 25-5-81(e)(2), Ala.Code 1975; Ex parte Trinity Industries, 680 So.2d at 268-69. However, in § 26 of Act No. 92-537, codified at § 25-5-81, the Legislature modified the law regarding the evidentiary standard to be applied to workers' compensation cases involving injuries such as carpal tunnel syndrome. That Code section provides, in part:
"(c) Evidence.The decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment.
"For the purposes of this amendatory act, `clear and convincing' shall mean evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."
(Emphasis added.)
It is undisputed that this case involves an injury that is alleged to have resulted from a "cumulative physical stress disorder"; therefore, it is clear that this case is governed by the evidentiary requirement of § 25-5-81(c). Therefore, in order to show that her injury was compensable, McFadden was required to show, by "clear and convincing" evidence, that her injury "arose out of and in the course of [her] employment." § 25-5-81(c).
In order to show why we remand the cause, we first address the Court of Civil Appeals' reliance on Ex parte Trinity Industries. That case involved a claimant who had suffered a stroke while at work. In that case, this Court addressed both the standard of proof required to prove causation in a workers' compensation case and the proper standard for reviewing a workers' compensation case. 680 So.2d at 265. In terms of the standard of proof required to prove causation, the question presented was whether the claimant had presented "substantial evidence" indicating that his injury was work-related. Id. However, this Court did not discuss whether the evidentiary requirements of § 25-5-81(c) applied to the claim in that case. See Trinity Industries, Inc. v. Cunningham, 680 So.2d 253, 262 (Ala.Civ. App.1995) (Crawley, J., concurring specially) (noting that the parties raised no issue regarding the requirements of § 25-5-81(c), either in the trial court or on appeal).
In contrast to the situation in Ex parte Trinity Industries, it is clear in the present case that McFadden alleged an injury that resulted from a "cumulative physical stress disorder" and that, therefore, the requirements of § 25-5-81(c) must be applied. Accordingly, to the extent that the Court of Civil Appeals' reliance on Ex parte Trinity Industries implied that McFadden needed only to present "substantial evidence" that her injury "arose out of and in the course of [her] employment," we conclude that that *267 reliance was misplaced. Instead, in order to show that her injury was compensable, McFadden was required to show, by "clear and convincing" evidence, that her injury arose out of and in the course of her employment. § 25-5-81(c), Ala.Code 1975.
In determining whether the plaintiff has met the statutory standard of proof, and in considering other legal issues, the appellate court does not give the trial court's decision a presumption of correctness. See § 25-5-81(e)(1), Ala.Code 1975. We could determine here whether McFadden met her burden in this case, but we believe that justice would best be served by remanding this case with instructions for the trial court to apply the law as set out in this opinion to the particular facts of this case.
This case is remanded for the Court of Civil Appeals to remand it to the circuit court for that court to conduct such further proceedings as are necessary for it to make a finding whether McFadden met her burden of proving by "clear and convincing" evidence that her injury arose out of and in the course of her employment and to enter such orders as the law requires. The Court of Civil Appeals is instructed to direct the circuit court to make a return to it within 60 days of the date of the Court of Civil Appeals' order remanding the case.
The Court of Civil Appeals is similarly instructed to take such action upon receiving the circuit court's return as it deems appropriate and to make a return to this Court within 60 days of the date the circuit court's return is filed in the Court of Civil Appeals.
REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and HOUSTON and SEE, JJ., concur.
SHORES, KENNEDY, COOK, and LYONS, JJ., concur in the result.
KENNEDY, Justice (concurring in the result).
Although I concur in the result reached by the main opinion, I disagree with the reasoning contained in several sections of that opinion. While the main opinion correctly states that the trial court should have applied the "clear and convincing evidence" standard, it appears to confuse this evidentiary standard with the standard we are to apply on review. In addition, that opinion mischaracterizes the reasoning in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), further blurring the line between the plaintiff's burden of proof at trial and our standard of review.
Regarding the plaintiff's burden of proof, § 25-5-81(c) specifies two different standards to be applied, depending on the nature of the worker's injury. Section 25-5-81(c) reads, in part:

"EvidenceThe decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment."
(Emphasis added.)
In contrast, § 25-5-81(e) sets out the standards by which appellate courts shall review a trial court's findings of fact and rulings of law. Mirroring other common schemes of appellate review, that section reads:

"ReviewFrom an order or judgment, any aggrieved party may, within 42 days thereafter, appeal to the Court of Civil Appeals and review shall be as in cases reviewed as follows:
"(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.

"(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."

(Emphasis added.) A clear reading of this section requires an appellate court to give deference to the trial court's findings of fact, while reviewing the trial court's legal determinations "without a presumption of correctness." In a workers' compensation action, appellate review of legal issues is de novo, *268 while review of factual determinations is under the "substantial evidence" rule. I respectfully disagree with those sections of the main opinion that indicate otherwise.
SHORES and COOK, JJ., concur.
LYONS, Justice (concurring in the result).
I concur in the judgment reversing the judgment of the Court of Civil Appeals and remanding this case for the trial court to determine whether it applied the "clear and convincing evidence" standard required by Ala.Code 1975, § 25-5-81(c), and, if not, for findings based on that standard. However, I do not think we should reach the issue of the correct standard of appellate review until such time as findings based upon the proper trial standard are before us.