YATES, Judge.
Nicholas Russello sued his employer, Atlantic Southeast Airlines, Inc. (“ASA”), on June 12,1997, to recover workers’ compensation benefits for injuries he had sustained on June 29, 1996, and July 19, 1996, during the course of his employment. ASA answered and counterclaimed, alleging fraud and misrepresentation. ASA alleged in its counterclaim that Russello had misrepresented his employment history in order to conceal certain previous work-related injuries that he had sustained; that he subsequently had reinjured himself while in the employ of ASA; and that but *1203 for the alleged misrepresentation ASA would not have hired Russello. On May 11, 1998, Russello moved the court for a summary judgment on ASA’s counterclaim. On May 26,1998, the court entered a summary judgment in favor of Russello on ASA’s counterclaim.
The claim for workers’ compensation benefits proceeded to trial on July 20, 1998. During the course of the proceedings, Russello moved the court to amend his complaint in order to make it conform to the evidence presented, so that he could allege additional work-related injuries. The court granted the parties a continuance to allow ASA to conduct additional discovery with regard to the additional injuries and to allow Russello to file an amended complaint. On August 19, 1998, Russello amended his complaint to allege, in part:
“2. [Russello] was employed by [ASA] on July 21, 1995, and continued to be employed by [ASA] until July 80, 1996, the date [Russello] last worked for [ASA],
“3. During the course of [Russello’s] employment [with ASA], [Russello] suffered a number of accidents and injuries as follows:
“a. In October of 1995, [Russello] suffered an injury which arose out of and in the course of his employment when a co-employee ran over [Russel-lo’s] foot with a cart.
“b. In November of 1995, [Russel-lo] suffered an injury which arose out of and in the course of his employment when a co-employee ran over [Russello’s] left foot with a tram, causing severe injury to [Russello’s] left heel and ankle. The injury to [Rus-sello’s] left foot triggered his knee to become symptomatic and painful. [ASA] had actual notice of [Russello’s] accident and injury, and [Russello] was treated by Dr. Caíame Sammons.
“c. In February of 1996, [Russello] suffered an injury which arose out of and in the course of his employment when he slipped on ice at the Huntsville-Madison County Airport. [Rus-sello] struck his head on the ice and injured his elbows, right buttock, left foot, and right hip. [ASA] had notice of [Russello’s] accident and injury.
“d. On another occasion in March of 1996, [Russello] suffered an injury which arose out of and in the course of his employment when a moving truck operated by a co-employee ran over [Russello’s] right foot.
“e. [Russello’s] foot was run over on at least three occasions during his employment by [ASA] as alleged above, the exact dates of which [Rus-sello] is uncertain. These injuries triggered [Russello’s] knees to become symptomatic and painful.
“f. [Russello’s] job[1] at [ASA] required [Russello] to continuously be kneeling and climbing which caused continuous stress to his knees.
“g. On April 23, 1996, [Russello] had to get down on his knees to administer cardiopulmonary resuscitation on [an employee] at the airport who was apparently having a heart attack which aggravated and injured his knees.
“h. On June 29, 1996, [Russello] suffered an accident which arose out of and in the course of his employment when he was crushed between a mail cart and a cargo cart, injuring the entire right side of [Russello’s] body, including his arm,- shoulder, back, hip, and leg to below the knee.
“i. On July 19, 1996, [Russello] suffered an injury which arose out of and in the course of his employment when an aircraft door crushed his head, left shoulder, arm, and hand. [Russello] was required to continue *1204 working in his injured condition which further exacerbated his injuries.
“j. During the course of [Russel-lo’s] employment, he was required to continuously use his hands and wrists in continuous motion lifting and carrying luggage. The hands and wrists were also traumatized in the accident of June 29, 1996, and in the accident of July 19, 1996. The repetitive trauma of his work and the repetitive trauma of the accidents produced bilateral carpal tunnel syndrome, which arose out of and in the course of his employment.
“k. During the course of [Russel-lo’s] employment, [he] was required to work extremely long hours of regular duty and overtime, often seven days a week and often in excess of 12 to 14 hours per day, doing repetitive lifting and carrying luggage, loading and unloading aircrafts, directing aircraft traffic, and continuously kneeling and climbing. During this period of time, [Russello] suffered a series of repetitive injuries as alleged above, which, when imposed upon the repetitive stress of his work, combined to so injure [Russello’s] body that he is permanently and totally disabled.
“4. The repetitive stress and repetitive traumas as alleged above, coupled with [Russello’s] injury of June 29, 1996, and [Russello’s] injury of July 19, 1996, along with the additional stress [Russel-lo] suffered by'being required to continue to work in his injured condition following his injury of June 29, 1996, and following his injury of .July 19, 1996, combined to so severely traumatize [Russello’s] body by repetitive stress and repetitive trauma until he was rendered totally disabled on July 30, 1996.”
Following the conclusion of the ore ten-us proceeding, the court, on October 28, 1998, entered an order finding Russello to be permanently and totally disabled and awarding benefits accordingly. On November 25, 1998, ASA moved the court to alter, amend, or vacate its judgment, arguing, among other things, that Russello had failed to prove by clear and convincing evidence medical causation. The court denied ASA’s motion on March 8, 1999. ASA appeals.[2]
Russello alleged in his amended complaint that he was permanently and totally disabled as a result of the cumulative effect of his various work-related accidents coupled with the repetitive stressors associated with his employment. Section 25-5-81(c), Ala.Code 1975, provides:
' “(c) Evidence.- — The decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of employee’s employment.
“For purposes of this amendatory act, ‘clear and convincing’ shall mean evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to.each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.”
Russello’s injuries resulted from the cumulative effect of various work-related accidents coupled with the repetitive stress associated with his employment with ASA. For these injuries to be compensable, the court must find, by clear and convincing .evidence, that, these injuries arose out of and in the course of Russello’s employment with ASA. § 25 — 5—81(c), Ala.Code 1975. The court stated in its judgment *1205 that it was “reasonably satisfied” from the evidence presented that Russello’s injuries arose out of and in the course of his employment with ASA. It appears that the court applied an evidentiary standard other than the “elear-and-convincing” standard. Accordingly, justice requires that we reverse the judgment and remand the case for the trial court to apply the appropriate standard of proof to the particular facts of this case. See Ex parte Russell Corp., 725 So.2d 264 (Ala.1998).
REVERSED AND REMANDED WITH INSTRUCTIONS.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.

. Russello was employed as a ramp agent. His job duties included, primarily, loading and unloading luggage, mail, and other baggage to and from the airplanes.

. The summary judgment on 'ASA's fraud claim is not an issue on appeal.