In August 1998, Frances M. Thompson (the "worker") sued Akzo Nobel Industrial Fibers, Inc. (the "company"), for workers' compensation benefits, alleging that in April 1998 she had suffered an injury in the line and scope of her employment and alleging that as a result of that injury she had suffered a permanent disability. After hearing ore tenus evidence, the trial court awarded the worker no benefits, concluding that the worker's injury was not work related. The worker appeals.
The worker alleged that her work caused her to develop carpal tunnel syndrome. Carpal tunnel syndrome is a "cumulative stress disorder," and a worker seeking benefits based on that disorder must present clear and convincing evidence indicating that her carpal tunnel syndrome "arose out of and in the course of [her] employment." Ala Code 1975, §25-5-81(c); Ex parte Russell Corp., 725 So.2d 264, 266 (Ala. 1998). Section 25-5-81(c) defines "clear and convincing evidence":
 "[E]vidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."
The worker argues that she presented clear and convincing evidence indicating that her carpal tunnel syndrome was work related. The trial court concluded that she did not present clear and convincing evidence.
The worker and the company each presented expert medical testimony regarding the nature of the worker's condition. The worker was employed as a machine cleaner, and her duties included operating a forklift, using a substance called "oil dry" to clean residue from machinery, and operating a trigger hose to "blow down" the machinery. She experienced swelling and numbness in her left hand and sought treatment from her family physician, Dr. Sebastian Tapia. Dr. Tapia prescribed her an anti-inflammatory medication. He referred her to Dr. Ray Fambrough, an orthopedic surgeon. *Page 377 
She reported to Dr. Fambrough that she experienced a "trigger finger" with her long finger on her left hand while operating the trigger hose. That finger, she said, would freeze to the trigger. Dr. Fambrough performed an outpatient procedure on her hand, releasing the constricting band on her affected tendon. He testified that he examined her again on some follow-up visits; he said that on those visits she was recovering well and that he gave her no restrictions on returning to work. The worker did not return to work, because she continued to complain of pain and numbness in her left hand and left arm.
The worker sought treatment from Dr. John Bacon, another orthopedic surgeon. He diagnosed carpal tunnel syndrome. Dr. Bacon testified that the nerve conduction studies he performed on the worker were "normal"; a "normal" report usually indicates no carpal tunnel syndrome. He further testified that a person can have carpal tunnel syndrome with normal nerve conduction. Dr. Bacon performed a left carpal tunnel release on the worker. The worker continued to have pain and numbness, although decreased, in her hands and arms.
Dr. Victoria Masear, an orthopedic surgeon specializing in hand surgery, examined the worker after Dr. Bacon had performed the carpal tunnel release. Dr. Masear testified that the worker continued to have pain and numbness in her left hand and arm. According to Dr. Masear's records, the pain would even radiate to the worker's shoulder and the worker was suffering from some neck pain. Dr. Masear testified that in her opinion if the worker indeed had carpal tunnel syndrome then the carpal tunnel release would have relieved more of her pain and numbness. Dr. Masear testified that she performed an MRI test, which indicated that the worker had a congenital condition called Arnold-Chiari malformation. She testified that that condition is not work related. Dr. Rhett Murray, a neurosurgeon, who also had examined the worker, agreed with Dr. Masear's diagnosis of Arnold-Chiari malformation. He testified that the worker's problems were caused by the cerebellum's compression of the spinal cord, which, he said, is the cause of Arnold-Chiari malformation.
We agree with the trial court that the worker did not present clear and convincing evidence indicating that she suffered carpal tunnel syndrome that arose out of and in the course of her employment. We conclude that the trial court properly held that the testimony of Dr. Bacon, when compared to that of Dr. Masear and Dr. Murray, did not "produce in the mind of the trier of fact a firm conviction" that the worker suffered from carpal tunnel syndrome. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.