CRAWLEY, Judge.
Sandra Isbell (the “worker”) sued Northeast Alabama Regional Medical Center (the “hospital”), alleging that she had suffered an injury in the line and scope of her employment and that the injury had caused her to suffer a permanent disability. Following the presentation of ore ten-us evidence, the trial court found that the worker was permanently and totally disabled. The hospital appeals, arguing that the trial court erred by: (1) not specifying whether the worker’s injury resulted from an accident, a cumulative-stress trauma, or an occupational disease; (2) finding that the worker had met her burden of proving that her injury was work-related; and (3) finding the worker to be permanently and totally disabled. We conclude that the dispositive issue is whether the worker has a work-related injury.
The review of this case is governed by the Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in *1089 the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994) (overruled on other grounds); see Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala.1996). Further, this court “will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that evidence is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West [v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)]; [Ala.Code 1975,] § 12-21-12(d).” Ex parte Trinity Indus. at 268. The trial court’s ruling on a question of law is entitled to no presumption of correctness. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The hospital argues that the trial court erred by finding the worker suffered a work-related injury. The worker alleges that she has a latex allergy, that she was exposed to airborne latex particles while working as a secretary at the hospital, and that her latex allergy gradually worsened until she suffered a permanent total disability. We conclude that she is seeking compensation for an “occupational disease.” Section 25-5-1(9) states that a compensable injury “shall not include a disease in any form, except for an occupational disease.” Section 25-5-110(1) defines “occupational disease” as follows:
“A disease arising out of and in the course of employment ... which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer.”
In order for a disease to be “occupational,” the worker must be exposed by his or her employment to a hazard in excess of those hazards ordinarily incident to employment in general and different in character from those found in the general run of occupations. Zeanah v. Stewart Animal Clinic, P.C., 752 So.2d 505 (Ala.Civ.App.1999). An occupational disease must be “peculiar to the occupation in which the [worker] is engaged.” Young v. City of Huntsville, 342 So.2d 918, 921 (Ala.Civ.App.1976).
The worker was employed as a secretary at the hospital from October 1996 to January 1998. She argues that she was exposed to latex because she came into regular contact with individuals who used latex and because the hospital had a large amount of airborne latex particles. The worker did not use latex products in her job. She is a plaintiff in a class-action lawsuit claiming damages to compensate for harm resulting from the use of latex products at home.
We conclude that the worker did not satisfy the test for establishing that her latex allergy is an occupational disease. The worker presented evidence indicating that latex is present in the hospital. She presented evidence indicating that her job duties required her to enter areas of the hospital where latex was in use and that her allergic reactions to the latex gradually worsened, even to the point that she would suffer from anaphylactic shock. As stated above, the worker was employed as a secretary and in her work did not come into direct contact with latex. We must determine whether the worker’s indirect contact with latex, i.e., the fact that latex was present in the hospital and present in areas in which she regularly visited as part of her job duties, supports the trial court’s finding that her latex allergy is an occupational disease. We conclude that the worker’s latex allergy is not an occupational disease.
The worker did present evidence indicating that latex was present in the hospital and that she did regularly visit areas of *1090 the hospital that contained latex. The worker also presented evidence indicating that airborne latex particles can affect individuals who have not had direct contact with latex. However, the worker did not present substantial evidence indicating that her exposure to latex particles was a hazard in excess of the hazards posed by other jobs, and she did not present substantial evidence indicating that her latex allergy was a problem peculiar to those employed in secretarial positions. In fact, the worker presented evidence indicating that her latex allergy was not peculiar to her employment at the hospital; rather, the record indicates that any exposure to latex, even exposure occurring outside her employment at the hospital, contributed to her allergy. See Zeanah, supra (holding that the worker, employed at a veterinary office, did not present substantial evidence indicating that her osteoarthritis resulted from a hazard peculiar to the job as a desk receptionist); Bruno’s Inc. v. Lawson, 709 So.2d 1296 (Ala.Civ.App.1998) (reversing the trial court’s award of workers’ compensation benefits and holding that the worker, who was employed by a grocery store as a bookkeeper and who was required to stand for prolonged periods, was not exposed to a hazard peculiar to the job of bookkeeper); and Smith v. Colonial Bank, 607 So.2d 1265 (Ala.Civ.App.1992) (holding that the worker, employed as a bank teller, did not have an occupational disease resulting from squatting or kneeling, which activity was required for opening the night depository). The worker merely presented evidence indicating that the hospital facilities contained much latex and that she is allergic to latex. Those facts, by themselves, do not support the trial court’s finding that the worker’s latex allergy is an occupational disease.
REVERSED AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
YATES, P.J., and MURDOCK, J„ dissent.