YATES, Presiding Judge,
dissenting.
The medical center argues that the trial court’s judgment is insufficient because it failed to make a finding as to whether Isbell’s injury was caused by an on-the-job accident, a cumulative stress disorder, or an occupational disease. Because I agree that the judgment is insufficient, I must respectfully dissent from the main opinion.
Isbell’s complaint alleges that she “suffered injuries or developed conditions which arose out of and in the course of’ her employment with the medical center. She also alleges that the medical center had notice of the “accidents and/or diagnoses and injuries.” At trial, Isbell made the following stipulation: “[Isbell] will allege that she suffered an on the job accident on July 14, 1997, resulting in a latex allergy, and/or prior to January 28, 1998, she was exposed to latex on the job resulting in a latex allergy.” (Emphasis added.)
The trial court stated in its judgment that “clear and convincing expert medical testimony” supports a finding that Isbell’s exposure to latex at the medical center caused her to develop a life-threatening allergy to latex. The court also stated in its judgment that “this potential of latex exposure is due to hazards in excess of those ordinarily incident to employment in general and peculiar to the healthcare industry.” Finally, the court stated in its order that Isbell is “permanently and totally disabled from employment as a consequence of this accident or occupational disease.”
In Tyson Foods, Inc. v. Domingo, 764 So.2d 1287 (Ala.Civ.App.2000), the trial court made a finding that the employee’s injury “was caused by an on-the-job acci *1091 dent or cumulative trauma.” This court noted that “whether an injury resulted from an on-the-job accident or from cumulative physical stress/trauma is before the court, a finding as to one or the other is necessary because the two scenarios have differing tests as to causation and burdens of proof to be applied.” Id., at 1289. See Tyson Foods for a discussion of the different causation tests for accidental injuries as opposed to nonaccidental injuries, and the different burdens of proof to be applied to accidental injuries as opposed to those injuries resulting from cumulative physical stress/trauma. “In order for the disease to be considered ‘occupational,’ the worker must be exposed by his or her employment to a hazard in excess of those ordinarily incident to employment in general and different in character from those found in the general run of occupations.” Zeanah v. Stewart Animal Clinic, P.C., 752 So.2d 505, 508 (Ala.Civ.App.1999). Additionally, an occupational disease must be “peculiar to the occupation in which the [employee] is engaged.” Young v. City of Huntsville, 342 So.2d 918, 921 (Ala.Civ.App.1976).
The trial court’s statement regarding “clear and convincing evidence” indicates that it may have considered Isbell’s injury to be a “cumulative physical stress disorder” pursuant to § 25-5-81(c), Ala.Code 1975. The trial court’s finding that “this potential of latex exposure is due to hazards in excess of those ordinarily incident to employment in general and peculiar to the healthcare industry,” and its statement that it found Isbell “permanently and totally disabled from employment as a consequence of this accident or occupational disease” indicate that the trial court may have considered Isbell’s injury to be an accidental injury or an occupational disease, pursuant to § 25-5-110(1), Ala.Code 1975. Accordingly, it is not discernible whether the trial court viewed Isbell’s injury as resulting from an on-the-job accident, from a cumulative-physical-stress disorder, or from an occupational disease.
Because an accidental injury, a cumulative-physical-stress disorder, and an occupational disease have differing causation tests and burdens of proof, I would remand the case for the trial court to determine what kind of injury Isbell suffered and to apply the appropriate causation test and burden of proof. Therefore, I must respectfully dissent from the main opinion.